IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GMH CAPITAL PARTNERS LP,<br><br>                               Plaintiff,<br><br>v.<br><br>CBRE CAPITAL ADVISORS, INC. and CBRE, INC.,<br><br>                               Defendants. | Case No. 1:25-cv-5462 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and any other applicable laws, Defendants CBRE, Inc. ("CBRE") and CBRE Capital Advisors, Inc. ("CBRE Cap" and collectively, "Defendants") hereby give notice of removal of this action, entitled *GMH Capital Partners LP v. CBRE Capital Advisors, Inc. and CBRE, Inc.*, bearing civil action Index No. 652590/2025, from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York. The state court docket index and true and correct copies of all filed documents in the action prior to removal are attached hereto as Exhibit 1. As grounds for removal, Defendants state as follows:

**I.    REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY**

1. On April 28, 2025, Plaintiff GMH Capital Partners LP ("Plaintiff") filed a Complaint against Defendants in the Supreme Court of the State of New York, New York County, asserting breach of contract claims against Defendants in connection with Plaintiff's attempt, but ultimate failure, to close on a deal to purchase certain student-housing assets. Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint is attached hereto, within Exhibit 1.

2. Defendants have not yet been served with the Complaint. This removal, therefore, is timely under 28 U.S.C. § 1446(b) because Defendants are filing this Notice of Removal before section 1446(b)'s thirty-day removal deadline has begun ticking. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (thirty-day removal clock is not triggered until formal service).

3. No further pleadings have been filed, and no proceedings have yet occurred in the New York County action.

4. Venue is proper in the District Court for the Southern District of New York because the Supreme Court of the State of New York, New York County, where this suit was originally filed, is within the District Court for the Southern District of New York. 28 U.S.C. §§1441(a), 1446(a).

5. Defendants base removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## II.   STATUTORY BASIS FOR JURISDICTION

6. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.   There Is Complete Diversity Between the Parties

#### i.   *Plaintiff GMH Capital Partners LP*

7. Plaintiff is a Delaware limited partnership with its principal place of business in Pennsylvania. (*See* Ex. 1 ¶ 20.) "For the purposes of diversity jurisdiction, a partnership takes the citizenship of all of its partners." *Platinum-Montaur Life Scis., LLC v. Navidea*

*Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).

8. Plaintiff has two partners, GH Capital Partners, LP and GH Capital Partners, LLC.

9. Like Plaintiff, GH Capital Partners, LP is a limited partnership. It, in turn, has three partners: GHCP, LLC; GMH Construction Company, Inc.; and GMH Associates, Inc.

10. GHCP, LLC is a limited liability company. Limited liability companies, or LLCs, "take[] the citizenship of all of [their] members." *Id*. Upon information and belief, Gary M. Holloway is the sole owner and member of GHCP, LLC. Mr. Holloway is domiciled in, and is therefore a citizen of, Pennsylvania. *See Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ("For purposes of diversity jurisdiction, a party's citizenship depends on his domicile."). Consequently, GHCP, LLC is a citizen of Pennsylvania.

11. GMH Construction Company, Inc. is incorporated in Florida and has its principal place of business in Pennsylvania. It is therefore a citizen of both Florida and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

12. GMH Associates, Inc. is incorporated in Pennsylvania and has its principal place of business in Pennsylvania. It is therefore a citizen of Pennsylvania. *See id.* Plaintiff's first partner, GH Capital Partners, LP, is therefore a citizen of Pennsylvania and Florida.

13. Plaintiff's second partner, GH Capital Partners, LLC is a limited liability company, which takes the citizenship of all its members. *Platinum-Montaur Life Scis., LLC,* 943 F.3d at 615.

3

14. Upon information and belief, the sole member of GH Capital Partners, LLC is Mr. Holloway. GH Capital Partners, LLC is therefore a citizen of Pennsylvania.

15. Therefore, upon information and belief, based on the citizenship of its two partners, Plaintiff is a citizen of only Pennsylvania and Florida and is not a citizen of Delaware or Texas.[1]

### ii. *Defendant CBRE*

16. As alleged in the Complaint, Defendant CBRE is a Delaware corporation with its principal place of business in Texas. (Ex. 1 ¶ 22.) Defendant CBRE is, therefore, a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

### iii. *Defendant CBRE Cap*

17. Defendant CBRE Cap is also a Delaware corporation with its principal place of business in Texas. In the Complaint, Plaintiff alleges that CBRE Cap has a principal place of business in New York, (*see* Ex. 1 ¶ 21), but that is incorrect. *See Dolce v. Pezzola*, 2025 WL 722788, at *1 (S.D.N.Y. Mar. 6. 2025) ("[I]n reviewing whether it has subject matter jurisdiction, this Court assumes the facts in the Complaint are true, unless contradicted by 'more specific allegations or documentary evidence.'") (citation omitted).

18. In determining a corporation's principal place of business, courts employ the "nerve center test." *St. Paul Fire & Marine Ins. Co. v. Scopia Windmill Fund, LP*, 87 F. Supp. 3d 603, 605 (S.D.N.Y. 2015). "Under the nerve center test, the principal place of business is 'where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Id.* (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).

---

[1] The information contained herein with respect to Plaintiff's residency is not ascertainable from the Complaint itself, but was confirmed by Plaintiff through informal discussions between the parties.

19. Defendant CBRE Cap maintains its principal office in Dallas, Texas. *See id.* ("The nerve center 'is a single place,' usually a corporation's headquarters and always the 'actual center' of 'direction, control, and coordination.'"). Indeed, Defendant CBRE Cap is a FINRA-regulated entity, with its FINRA-registered main office address and mailing address listed as 2121 N. Pearl Street, Suite 300, Dallas, TX 75201. A true and correct copy of an excerpt from the FINRA Report Summary of CBRE Cap is attached hereto as Exhibit 2. Because the principal place of business of Defendant CBRE Cap is Texas, it is therefore a citizen of Delaware and Texas.[2]

20. Because Plaintiff is a citizen of Pennsylvania and Florida and Defendants are citizens of Delaware and Texas, complete diversity of citizenship exists between Plaintiff and all Defendants. *See* 28 U.S.C. §§ 1332 and 1441.

**B.    The Amount in Controversy Requirement Is Met**

21. While Defendants deny any liability with respect to Plaintiff's claims, the face of the Complaint makes clear that, for the purposes of diversity jurisdiction, the amount in controversy exceeds $75,000.00. *See Fernandez v. Hale Trailer Brake & Wheel,* 332 F. Supp. 2d 621, 625 (S.D.N.Y. 2004) (explaining the "rebuttable presumption that the amount of damages alleged in the complaint is a good faith representation of the amount in controversy.")

22. In the prayer for relief, Plaintiff seeks, among other things, "[r]eimbursement to GMH in the amount of approximately $5 million (plus interest)" for a payment that "Defendants' wrongful conduct caused GMH to forfeit," "all costs and time incurred in due diligence and the creation of proprietary trade secrets in an amount in excess of $1,500,000," "[r]eimbursement for

---

[2] Even if Plaintiff's allegations regarding Defendant CBRE Cap's principal place of business were correct, removal would still be proper. The "forum defendant rule," set out in 28 U.S.C. § 1441(b)(2), is no barrier here because CBRE Cap has not been served. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 707 (2d Cir. 2019) (holding that home-state defendant may remove action before proper service).

5

loss of business fees . . . in an amount in excess of $70,000,000," "[r]eimbursement to GMH of any and all fees paid to Defendants (plus interest) for their consulting services," disgorgement of "profits, monetary compensation, or non-monetary compensation," and punitive damages. (Ex. 1 Prayer for Relief.) When considering only the specific dollar figures alleged as damages here, and putting aside any fees paid to Defendants or disgorgement, the total exceeds $76.5 million. *See id.*

23. Based on these allegations and prayer for relief, the amount in controversy in this action easily exceeds $75,000.00 exclusive of interest and costs. *See* 28 U.S.C. § 1332; *Flex Marketing Grp., LLC v. Lapin*, 638 F.Supp.3d 385, 389 (S.D.N.Y. 2022) (finding amount in controversy satisfied where plaintiff alleged in excess of statutory jurisdictional amount).

### III.    NOTICE IS BEING SENT TO PLAINTIFF AND FILED IN STATE COURT

24. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal.

25. Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, New York County.

### IV.    RESERVATION OF RIGHTS

26. By filing this Notice of Removal, Defendants do not concede nor waive any defense to this action. *See Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses.").

WHEREFORE, Defendants hereby give notice that the above entitled state court action, formerly pending in the Supreme Court of the State of New York, New York County has been removed to the United States District Court for the Southern District of New York.

Dated: July 1, 2025
      New York, NY

Respectfully Submitted,

<u>/s/ Thania Charmani</u>

Thania (Athanasia) Charmani
Tyler M. Dato
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Telephone: 212-294-6700
acharmani@winston.com
tdato@winston.com

Paul B. Salvaty (*pro hac vice application forthcoming*)
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: 213-232-5160
psalvaty@cohen-williams.com

*Attorneys for Defendants CBRE Capital Advisors, Inc. and CBRE, Inc.*